# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                     No. 09-cv-814 WJ/ACT

**JOHN S. WILLIAMSON and**
**NANCY L. WILLIAMSON**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) pro se Defendants John S. and Nancy L. Williamson's *Motion to Dismiss Complaint, for Summary Judgment Granting Counter Claim, and Granting Relief*, filed Dec. 11, 2009 (Doc. 4)[1]; (ii) their *Motion to Dismiss for Lack of Territorial Jurisdiction,* filed Dec. 11, 2009 (Doc. 5); (iii) the United States' *Cross-motion to Dismiss Counterclaim*, filed Dec. 30, 2009 (Doc. 14); (iv) the Defendants' *Motion to Quash Complaint*, filed Feb. 22, 2010 (Doc. 17); and (v) their *Notice of Default*, filed Feb. 22, 2010 (Doc. 19). The Court will deny the Defendants' motions to dismiss and to quash the Complaint, will strike their *Counter Claim* and associated *Notice of Default*, and will order the Williamsons to show cause why they should not be held in contempt of court.

    **I.**     **The Court will strike the *Counter Claim* and *Notice of Default*.**

The United States brought this action to declare invalid harassing liens the Defendants have filed against United States' employees engaged in enforcing the federal tax laws against the

---

[1] The Williamsons have violated Administrative Order 92-88 (requiring parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought") by combining motions in one document. They are reminded of their duty to follow all rules of procedure, and are warned that continued failure to do so may result in the striking of motions and other documents that are not in compliance with the rules.

Defendants.[2]  Because of his abusive and frivolous litigation practices, this Court has previously imposed filing restrictions prohibiting John Williamson from filing actions against any present, past, or future employees of the United States without first obtaining the Court's permission. *See United States v. John S. Williamson,* No. 95cv1153 SC, Judgment at 2 (D.N.M. May 7, 1997). The Judgment states:

> It is further ORDERED, ADJUDGED and DECREED that the Defendant, John S. Williamson, is enjoined from filing any future liens, writs of escheat, writs of attachment, or legal actions against any present, past or future employee or officer of the United States, for actions taken while employed by the United States or while an officer of the United States, without first obtaining leave from a competent federal or state court.

*Id.*  The Tenth Circuit has similarly imposed filing restrictions against both of the Williamsons.

> We hereby enjoin Nancy Williamson and/or her husband, John S. Williamson from: (1) filing any further complaints in the United States District Court for the District of New Mexico containing the same or similar allegations set forth in their complaint in the instant case; (2) filing any further appeals or original actions in this court involving the same or similar allegations set forth in their complaint in the instant case; and (3) filing any new actions or appeals involving tax matters against the

---

[2] The Defendants have filed two "Notices," *see* Docs. 6, 18, and have made arguments in them and in their motion to dismiss that is combined with other motions, *see* Doc. 4, that generally challenge tax liens and levies that have been imposed against the Defendants.  This Court, however, has entered judgment in favor of the Government on the Williamsons' actions "to invalidate tax liens and levies made against them, [and] to enjoin future IRS collection efforts." *Williamson v. United States*, 84 F. Supp.2d 1217, 1218 (D.N.M. 1999), *aff'd*, No. 99-2294, 215 F.3d, 2000 WL 676053, *1-2 (10th Cir. May 24, 2000) (finding frivolous the Williamsons' arguments that "the IRS has no legal authority [and] there is no such thing as a type of tax 1040" and "they are citizens of the sovereign state of New Mexico, they are not taxpayers" and imposing sanctions for bringing a frivolous appeal).  The documents also pose hypothetical questions about, or challenge, the federal taxation system and the authority of attorneys and IRS agents.  These arguments are irrelevant to the issue whether the Court should dismiss or quash the Complaint at bar, and they also are frivolous and/or have already been addressed in other cases between the Williamsons and the government, *see, e.g., id; United States v. Williamson*, No. 04cv885 BB/WDS  (D.N.M. Dec. 29, 2005) (dismissing the Williamsons' counterclaim against the United States and ordering them to show cause why sanctions should not be imposed upon them for raising frivolous arguments), *aff'd*, No. 07-2017, 244 Fed. Appx. 900, 902, 2007 WL 2269455, *1 (10th Cir. Aug. 9, 2007) (rejecting as frivolous the Williamsons' "assertions that they are not 'subjects' of the federal government because New Mexico does not 'belong' to the United States").  The Court has, therefore, disregarded them.

> United States or its employees until they have certified, under oath, that they have satisfied the [$8,000] monetary sanctions levied herein.

*Williamson v. Sena,* No. 06-2103, 230 Fed. Appx. 815, 817-18, 2007 WL 1219426, *2 (10th Cir. April 26, 2007). The Tenth Circuit later imposed an additional $8,000 in sanctions for filing another frivolous appeal and reminded the Williamsons that the restrictions imposed in the *Sena* case "are still in effect." *United States v. Williamson*, No. 07-2017, 244 Fed. Appx. 900, 902, 2007 WL 2269455, *2 (10th Cir. Aug. 9, 2007). When the Williamsons continued to file frivolous pleadings and documents and filed a new case against IRS employees, Judge Black issued an order dismissing the suit, noting the restrictions that the Tenth Circuit had imposed and that the Williamsons had failed to pay the sanctions, and imposed further filing restrictions:

> John S. Williamson and Nancy L. Williamson, or either of them, will not file any pleadings or documents in this case or in any other case, including as yet unfiled lawsuits, both in Federal and/or state court, unless they first obtain leave from this Court for such filing, prior to such filing. Leave for filing may be obtained only by filing with this Court a motion for leave to file the subject pleading or document and attaching a copy of the pleading or document to the motion for leave and thereafter obtaining an order granting leave to file such documents or pleading. This Order may be used by any party to a pleading or document filed by John S. Williamson and Nancy L. Williamson, or either of them, in violation of this Order as a means to have the pleading or document stricken and/or as a vehicle for seeking and obtaining additional relief warranted by a violation of this Order.

*Williamson*, No. 04-cv-885 BB/WDS Doc. 201 at 2-3 (D.N.M. Feb. 5, 2008).

The Williamsons violated this Order and filed their *Counter Claim* without first receiving permission from this Court. The also have failed to submit certified statements under oath that they have paid the sanctions imposed by the Tenth Circuit. The *Counter Claim* is brought against Department of Justice attorneys, United States District Judge Black (who issued the most recent filing restrictions), the IRS, and its employees. *See* Doc. 8 at 2-4. The *Counter Claim* frivolously asserts that there is no income tax and the various agencies, officers and employees have no power to enforce one, and they seek an order "oust[ing]" the federal employees from their offices and

3

issuing a "judgment of seizure" against the IRS. *Id.* at 3-6. Filing this action flagrantly violates the Court's May 7, 1997 and February 5, 2008 Orders and the Tenth Circuit's April 26, 2007 Order prohibiting the Williamsons from filing any actions in this Court without first seeking permission of the Court and paying the sanctions, including any action against employees or officers of the United States.

Further, the Williamsons describe their *Counter Claim* as a "Writ of Quo Warranto [brought] under Fed.R.Civ.P. 81(a)(2)." Doc. 8 at 2. But Rule 81(a)(2) does not provide for bringing a writ of quo warranto. A "writ of quo warranto" is a "common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." Black's Law Dictionary (8th ed. 2004). It is

> "in form a criminal, and in its nature a civil remedy; and that proceeding applies where there is a body corporate de facto only, but who take upon themselves to act, though, from some defect in their constitution, they cannot legally exercise their powers. [This mode] of proceeding [is] at the instance of and on behalf of the government. The state must be a party to the prosecution, for the judgment is that the parties be ousted, and the franchises seised into the hands of the government." 2 James Kent, Commentaries on American Law *313 (George Comstock ed., 11th ed. 1866)"

*Id.* Because the alleged writ/*Counter claim* is not brought on behalf of the government and the state is not a party to the Williamson's attempted prosecution, it is patently frivolous. *See Sade v. President of United States*, No. 85-1487, 1986 WL 17483, *1-*2 (6th Cir. Aug. 12, 1986) (affirming dismissal of "clearly a tax protester case" seeking "a Writ of Quo Warranto as to all matters and parties pertinent to this action"). The *Counter Claim* and the associated *Notice of Default* shall be stricken, and the Court will order the Williamsons to show cause why they should not be sanctioned for bringing a frivolous action and for violating the Court's and the Tenth Circuit's Orders imposing filing restrictions. Their response shall not include any arguments or similar arguments made in any other document they have filed in this case (including arguments regarding this Court's jurisdiction

4

or the validity of the tax laws or of tax levies or liens filed against them) and shall be limited solely to giving reasons why the Court should not impose sanctions for their flagrant violation of the Court's prior orders instructing them not to file any actions against any government employee without first receiving permission from the Court; and is limited to five pages.

## II.     The Defendants' motions to dismiss and to quash are frivolous.

The arguments the Defendants make in their motions to dismiss and to quash represent nothing more than frivolous tax-protester arguments, many of which they have made in previous cases, *see United States v. Williamson*, No. 04cv885 BB/WDS Doc. 189, and which this Court has rejected, *see id.* Doc. 190 (D.N.M. July 27, 2007).  The Williamsons frivolously attempt to make a legal distinction between their names being written all in capital letters or written with only the first letter of each name capitalized.  *See* Doc. 17 at 1; *Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (holding that tax protester's "argument[s] pertaining to typing his name in all capital letters is wholly frivolous").  This argument, or a variation of it, is often made by tax protesters.  *See e.g.*, *Greathouse v. United States*, No. 9:09cv36, 2009 WL 3431391, 1 (E.D.Tex. Oct. 20, 2009) (rejecting as frivolous argument that "names spelled in all capital letters represent 'fictitious entitles' rather than 'natural persons'") (parentheses omitted).  They frivolously contend that the IRS is not an agency of the U.S. Department of Treasury.  *See McNeil v. United States*, 78 Fed. Cl. 211, 220-21 (Fed. Cl. 2007) (rejecting tax protester's argument that "the IRS is not an agency of the United States government" and noting that "within the Department of the Treasury is the Commissioner of Internal Revenue ("Commissioner"), who bears responsibility for the administration and enforcement of the IRC.  26 U.S.C. § 7803(a); see also Treas. Dep't Order No. 150-10 (Apr. 22, 1982) (delegating the responsibility "for the administration and enforcement of the Internal Revenue laws" to the Commissioner).  In turn, the Commissioner "is authorized to employ such number of persons as the Commissioner deems proper for the administration and enforcement of the internal

5

revenue laws...." 26 U.S.C. § 7804. Thus, the IRS-*i.e.*, the Commissioner and his or her employees-is a part of the Department of the Treasury. The Department of the Treasury is an executive agency of the United States. 5 U.S.C. § 101 (2000)"), *aff'd*, No. 2008-5002, 293 Fed. Appx. 758 (Fed. Cir. Jun 05, 2008). They frivolously contend that the lawyers representing the United States have no authority to represent the United States in this matter. Their frivolous arguments that IRS agents have no "delegation of authority" to file notices of tax liens or tax levies and that the Williamsons are not "taxpayers," Doc. 17 at 2-3, are irrelevant to the issue whether the Complaint should be quashed. They frivolously contend that they are not subject to this Court's jurisdiction because they are not "corporate entities," Doc. 4 at 1; that the United States is "incapable of suing," *id.* at 2; and that the United States has no "territorial jurisdiction" over them, Doc. 5 at 4. The Court need not waste further time and resources explaining yet again why these arguments are legally frivolous.

**IT IS ORDERED** that the Williamsons' *Motions to Dismiss* [Docs. 4 and 5] and their *Motion to Quash* [Doc. 17] are DENIED; and that their *Counter Claim* [Doc. 8] and *Notice of Default* [Doc. 19] are stricken from the record;

**IT IS FURTHER ORDERED** that the Williamsons shall show cause in writing, subject to the limitations set forth above, within fourteen days of the filing of this Order, why they should not be held in contempt of court for violating this Court's May 7, 1997 and February 5, 2008 Orders and why sanctions should not be imposed against them.

_____
UNITED STATES DISTRICT JUDGE