# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.                                                      **No. 09-cv-814 WJ/ACT**

**JOHN S. WILLIAMSON and
NANCY L. WILLIAMSON**,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the United States of America's *Motion for Declaratory Relief, Permanent Injunction and Contempt*, filed June 8, 2010 (Doc. 27), and on pro se Defendants John S. and Nancy Williamson's *Second Motion to Dismiss*, filed September 3, 2010 (Doc. 29). This Court's jurisdiction is based on 28 U.S.C. § 1340 (giving federal district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . .") and 28 U.S.C. § 1345 (giving federal district courts "original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."). Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events . . . giving rise to the claim occurred" in New Mexico.

## I.  Procedural background.

The United States filed its complaint seeking declaratory and injunctive relief and contempt sanctions, including costs and attorney fees, against the Williamsons on August 21, 2009. *See* Doc. 1. On March 10, 2010, the Court denied the Williamson's *Motions to Dismiss* and *Motion to Quash* because they were frivolous, and struck their *Counterclaim* and *Notice of Default* because they violated the Court's prior orders and filing restrictions. *See* Doc. 25. The Court ordered the

Williamsons "to show cause why they should not be sanctioned for bringing a frivolous action and for violating the Court's and the Tenth Circuit's Orders imposing filing restrictions." *Id.* at 4, 6. Instead of complying with the Order, the Williamsons returned the Order to the Court after stamping it with the statement "refused for cause" and denying the Court's jurisdiction over them. *See* Doc. 26. As noted before, the Williamsons' "practice of refusing and returning mail . . . showed that" the order to show cause "actually reached them." *Williamson v. United States*, No. 99-2294, 215 F.3d 1338, 2000 WL 676053, *1 (10th Cir. May 24, 2000).

The United States filed a motion for summary judgment on all of the relief requested in its Complaint on June 8, 2010. The Williamsons have not responded to the motion, but they filed a second motion to dismiss on September 3, 2010, to which the Plaintiff has responded.

## II. The United States is entitled to declaratory relief.

The United State's motion seeks summary judgment and an Order (i) declaring that the Claim of Lien filed in Bernalillo County, New Mexico real-property records and naming Revenue Officer Jacqueline Sena and/or Supervisory Revenue Officer Kenny Wyatt is void and without legal effect; (ii) ordering that the Claim of Lien is to be expunged from the Bernalillo County records and where ever else it has been filed; and (iii) ordering the Court's judgment herein to be recorded with the Clerk's and/or Recorder's Offices where a copy of the Claim of Lien was filed. *See* Doc. 27 at 1.

26 U.S.C. § 7402 provides, in relevant part:

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

2

§ 7402(a).  Courts have long acted under the authority of § 7402 to require removal of liens or other documents invalidly filed or recorded against federal employees and officers and to grant injunctive relief prohibiting future invalid filings.  *See, e.g.*, *United States v. Ekblad*, 732 F.2d 562 (7th Cir. 1984) (per curiam).

Although they did not respond to the motion for summary judgment, in their second motion to dismiss, the Williamsons contend that this Court is "incapable of making a fair and impartial decision" on the United States' Complaint and that all judicial decisions are "tainted by bribery." Doc. 29 at 1-2.  The Williamsons base this conclusion on an article written in the "American Free Press[1]," in which the author expresses his misguided opinion that federal law permits the federal government to secretly award judges up to $25,000 for ruling in the government's favor in tax cases. *See id.*, Ex. 1.  This opinion is based, in turn, upon the author's clear misinterpretation of 5 U.S.C. § 4502, which allows the Office of Personnel Management to make "incentive" awards to agency employees when the employing agency certifies that the employee's "suggestion, invention, superior accomplishment, or other meritorious effort for which the award is proposed is highly exceptional and unusually outstanding."   Judges are not employed by the IRS.   The Court rejects the Williamsons' fallacious conclusion.

The Williamsons also again frivolously contend in their motion to dismiss that they are not taxpayers and that tax liens do not apply to them; that this Court has no jurisdiction over them; that the IRS employees never objected to their "invoices billing them for the property unlawfully taken from" them so they waived any argument that the invoices were invalid; and that "the power to lien is the last nonviolent remedy available to" them.  Doc. 29 at 4-5.  The Court rejects these arguments.

---

[1]  The American Free Press is a weekly newspaper that "describes itself as 'maverick, independent grass-roots media.'" *See* http://en.wikipedia.org/wiki/American_Free_Press.

The United States has presented uncontroverted evidence that the Williamsons or their agent filed a document entitled "Claim of Lien" in the records of the Bernalillo County Clerk against IRS Officers Jacqueline Sena and Kenny Wyatt, which complains of void judgments regarding a federal tax levy and liens, and claims a lien on all of Wyatt's and Sena's real and personal property to the amount of $909,067,650 plus interest.  *See* Doc. 27, Ex. A.  Officer Wyatt presented undisputed sworn testimony that he actually suffered injury because the Claim of Lien caused a delay of the closing of his mortgage and resulted in him having to pay a higher interest rate of $75 until the cloud over his title could be lifted.  *See id.*,  Ex. C ¶ 13.

Based upon the Plaintiff's uncontroverted evidence, *see id.*, Exs. B, C, and the Williamsons' admissions in their motion to dismiss that they filed the liens in response to the officers filing the tax liens and levies on behalf of the United States as a "remedy", the Court concludes that the Williamsons' Claim of Lien was unlawfully filed against these IRS Officers in retaliation for, or because of acts performed or perceived to be related to, their actions as employees and officers of the United States of America for their involvement in issuing the tax levies and filing the notices of liens against the Williamsons by the IRS.  *See United States v. McKinley*, 53 F. 3d 1170 (10th Cir. 1995).  The Court further concludes that the Williamsons' filing of the lien was calculated to harass and to interfere with the IRS's enforcement of the tax laws and is an unlawful attempt to intimidate, interrupt, hinder or impede the good faith performance of Sena's and Wyatt's official duties.

The Court will, therefore, grant the declaratory relief the United States requests and will also order the Williamsons to file, within 14 days of the filing of this Order, a document informing the Court whether they have filed this lien or any other liens or any other type of non-consensual document against any federal officer or employee in any other county clerk's office or court record. If the Williamsons fail to comply with the Court's order to file the document, the Court will require

them to personally appear before the Court to show cause why they should not be taken into custody and jailed until they comply.

### III.  The United States is entitled to a permanent injunction against both of the Williamsons.

The United States also seeks summary judgment and an Order entering a permanent injunction against both John S. Williamson and Nancy L. Williamson from future filings of similar non-consensual documents naming federal employees or judicial officers without first obtaining the permission of the federal courts.  *See* Doc. 27 at 1.

The Court's authority to grant injunctive relief is also premised on § 7402.  The United States Supreme Court has noted that "review of the injunction as an exercise of the equity power granted by [] § 7402(a) must be in light of the public interest involved:  Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved."  *United States v. First Nat'l City Bank*, 379 U.S. 378, 383 (1965) (internal quotation marks omitted).  The Court concludes that it has authority under § 7402(a) to issue an appropriate injunction prohibiting the Williamsons from harassing United States employees and officers who are involved in the enforcement of tax laws.

> A party requesting a permanent injunction bears the burden of showing: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003).  The United States has demonstrated success on the merits that liens like the ones the Williamsons have already filed are null, void, and of no legal effect, and it has demonstrated that the threat of future unwarranted, harassing liens will cause its IRS officers and/or employees injury and will hamper the performance

5

of their official duties unless a permanent injunction issues. Issuing a permanent injunction in this case will cause no injury to the Williamsons because they lack any legal basis or authority for recording fraudulent liens. Finally, public policy clearly favors enjoining the filing or recordation of bogus liens against federal officers doing their jobs.

## IV. The United States and its employee are entitled to be compensated through civil contempt.

The United States requests an order imposing contempt sanctions. It has provided clear and convincing evidence that John Williamson violated a previous order of injunction entered against him on May 7, 1997, which clearly instructed him not to file liens against any present, past, or future employees of the United States without first obtaining the Court's permission, *see United States v. John S. Williamson,* No. 95cv1153 SC, Judgment at 2 (D. N.M. May 7, 1997), and that he also violated the Court's Orders prohibiting him from filing counterclaims against the United States or its employees, *see id.*; *United States v. Williamson*, No. 04cv885 BB/WDS Doc. 201at 2-3 (D.N.M. Feb. 5, 2008).

The Court concludes that (i) John S. Williamson had actual notice of the May 7, 1997 and February 5, 2008 Orders at the time he filed the December 30, 2008 lien and the December 11, 2009 counterclaim; (ii) both the May 7, 1997 and February 7, 2008 Orders were valid and still in effect at the time he filed the lien and counterclaim; (iii) the Orders were clear and unambiguous in prohibiting Williamson from filing liens and/or claims or counterclaims against federal officers and/or employees involved in enforcing the federal tax laws; and (iv) Williamson's willful disobedience in filing the lien caused actual damages of an increased interest payment of $75 by Officer Wyatt and damages in the form of costs and attorney fees the United States had to expend to challenge the lien. *See F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004); *Reliance Ins. Co. v. Mast Const. Co.* , 84 F.3d 372, 377 (10th Cir. 1996). "Generally speaking, a person who

violates an injunction . . . during its pendency is subject to a compensatory civil contempt judgment." *Reliance Ins. Co.*, 84 F.3d at 376.  Williamson has been given an opportunity, but has failed to show cause why he should not be held in civil contempt and sanctioned for filing the lien and counterclaim that violated this Court's prior orders.

The Court concludes that John Williamson is liable to Wyatt for $75 and to the United States for costs and attorney fees.  The Plaintiff shall file an affidavit and supporting documents in support of its claim for attorneys fees within ten days of the filing of this Order, and, therafter, Williamson shall have 14 days from the date the affidavit is filed to object in writing to the amount requested.

The Williamsons shall file no other motions or documents in this case other than these objections.  After the Court receives the supplemental information, the Court will enter an Order regarding the amount of compensation John Williamson shall pay to the United States; will determine whether the Williamsons have complied with its orders set forth herein and take the appropriate action; and will enter a final judgment in this case.

In the past, the Williamsons have blatantly refused to pay monetary civil sanctions that have been imposed against them in other cases.  The Court warns both John S. and Nancy L. Williamson that any future violation of the Court's prior or current Orders prohibiting them from filing liens, claims, counterclaims, judgments or documents of any kind against any IRS officer and/or employee or judge involved in proceedings involving enforcement of the Williamsons' tax obligations or their challenges to those obligations will result in sanctions for criminal contempt of court that will include imprisonment.

 **IT IS ORDERED** that the United States' *Motion for Declaratory Relief, Permanent Injunction and Contempt* [Doc. 27] is GRANTED and that the Williamsons' *Motion to Dismiss* [Doc. 29] is DENIED; and

7

**IT IS FURTHER ORDERED** that the December 30, 2008 Claim of Lien filed by John S. Williamson and Nancy L. Williamson in the Bernalillo County Clerk's office, and any other non-consensual documents or similar instruments involving the Williamsons and any other federal officer or employee that may have been filed elsewhere, are null, void, of no legal effect, and shall be expunged from the records of Bernalillo County, New Mexico, and from any other records where they may have been filed; and that the United States shall file this Order in the Bernalillo County Clerk's office and in any other Clerk's office or place of recording where a Claim of Lien or similar instrument may have been filed by John S. Williamson and/or Nancy L. Williamson;

**IT IS FURTHER ORDERED** that John S. Williamson and Nancy L. Williamson shall file a response in writing, within 14 days of the filing of this Order, that states whether they have published or filed any other documents, liens, or alleged judgments naming Jacqueline Sena, Kenny Wyatt, or any other current or former federal employees or officers or judicial officers in any fashion, and that failure to timely file such response shall result in the issuance of an order to show cause why they should not be taken into custody and jailed until they comply;

**IT IS FURTHER ORDERED** that John S. Williamson and Nancy L. Williamson are permanently enjoined from filing any liens against any United States employee or officer or judicial officer without first obtaining the permission of the District Courts of the United States of America and that they are permanently enjoined from acting or attempting to act in any other manner to molest, interrupt, hinder, or impede any employee or officer of the United States in the performance of his or her official duties in the enforcement of the laws of the United States pertaining to the IRS;

**IT IS FURTHER ORDERED** that John Williamson is liable to Kenny Wyatt for $75, and that he shall contact the Plaintiff's attorneys of record in this case to arrange to pay that amount within 14 days of the filing of this Order or he will be ordered to personally appear to show cause

why he should not be jailed until he complies with this Order;

**IT IS FURTHER ORDERED** that John Williamson is liable to the United States for costs and attorney fees for the prosecution of this case and that the United States shall submit to the Court (and to Williamson) an affidavit and supporting documents in support of its claim for attorneys fees within ten days of the filing of this Order, and that Williamson shall have 14 days to object in writing to the amount requested.

_____
**UNITED STATES DISTRICT JUDGE**